IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim. No. 18-34-RGA |
| | ) | |
| RALPH VURGICH, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM ORDER

Defendant has filed a motion which seeks compassionate release. (D.I. 36). I have received further submissions. (D.I. 37, 38, 40, 41, 44, 45, 46). The statute applicable to this motion, 18 U.S.C. § 3582, provides as follows, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. §3582(c).

There is a relevant Sentencing Guideline, section 1B1.13, which provides a policy statement, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)  (A)  extraordinary and compelling reasons warrant the reduction; or
>      (B)  the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> (2)  the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3)  the reduction is consistent with this policy statement.

U.S.S.G. §1B1.13.

Further, there is an application note, which provides:

> 1.  <u>Extraordinary and Compelling Reasons</u>.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
> (A)  <u>Medical Condition of the Defendant</u>.—
>      (i)  The defendant is suffering from a terminal illness (<u>i.e.</u>, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (<u>i.e.</u>, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>      (ii)  The defendant is—
>            (I)  suffering from a serious physical or medical condition,

2

        (II)    suffering from a serious functional or cognitive impairment, or
        (III)    experiencing deteriorating physical or mental health because of the aging process,
that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)    <u>Age of the Defendant</u>.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)    <u>Family Circumstances</u>.
    (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.
    (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)    <u>Other Reasons</u>.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13, Applic. Note 1.

By way of background, I sentenced Defendant on August 21, 2019, for "possession of child pornography by a person previously convicted of a child exploitation offense," to ten years imprisonment. (D.I. 35). That was a mandatory minimum sentence. (D.I. 24 at 1). Defendant had been held without bail by this Court since May 21, 2018. It appears he was in State custody since February 1, 2018. (D.I. 40 at 1; *see* D.I. 34, ¶ 1). Thus, he has served about twenty-nine months of his sentence. He is serving his sentence at FCI Petersburg Low. Defendant says he has served "27% with good time credit" of his sentence. (D.I. 36 at 20 of 23). According to the Bureau of Prisons, his anticipated release date is August 10, 2026. (*See also* D.I. 41, Exh. 2 at 2). Further, according to the Bureau of Prisons coronavirus website, as of July 24, 2020, at Petersburg Low FCI, there were zero positive inmates and staff, with one staff who had recovered. (*See also* D.I. 40 at 3). (Defendant contests the significance of this sort of statement, saying that no testing is being done. (D.I. 45 at 4 of 20)). A different BOP website says FCI Petersburg Low has 934 total inmates, 741 at FCI and 193 at the Camp.

In essence, before I can grant the motion of a prisoner for compassionate release, the prisoner has (1) to exhaust administrative remedies, *see United States v. Raia*, 954 F.3d 594 (3d Cir. 2020), (2) to show extraordinary and compelling circumstances, (3) to show an absence of dangerousness, and (4) to show that the section 3553(a) factors support a reduced sentence. It appears that I should consider these sequentially. *See, e.g., United States v. Washington*, 2020 WL 1969301 (W.D.N.Y. April 24, 2020).

Here, Defendant requested compassionate release from the Warden on April 20, 2020 (D.I. 40 at 5), more than 30 days have elapsed, and the request has not been granted. The Government agrees that Defendant has met the exhaustion requirement, and that I can consider his request. (*Id*. at 6).

Defendant has various issues, both mental and physical, but the only one that seems to be raised as a reason to grant compassionate release is asthma. (*See* D.I. 37 at 2 (sealed declaration stating his "diagnosed medical conditions" are "asthma, lower back pain, depression, anxiety, acid reflux, arthritis, allergies" and that he has undiagnosed conditions of "coughing, high cholesterol"); D.I. 38 (only citing asthma as the basis for his request to the Warden); *see also* D.I. 45 at 8 of 20 ("my extensive history of asthma attacks including a hospitalization for an attack in 2013, and history of bronchitis"). He essentially argues that the extraordinary and compelling circumstances are that he has "moderate to severe asthma since [he] was a child, that he is now age 50, and that he is pre-diabetic." (*Id*. at 8-9). He concedes that his "symptoms are relatively controlled," and attributes that to a "maintenance inhaler" that he uses twice a day and albuterol for attacks as needed. (*Id*. at 9). The BOP described his asthma on February 21, 2020, as "mild persistent asthma" that was "currently stable." (D.I. 41, Exh. 1 at 14 of 164). Defendant contests the diagnosis of "mild persistent asthma." (D.I. 45 at 11).

At the time of sentencing, "The Defendant reported being in good physical health. However, he said he suffers from season[al] allegies (pollen), and asthma, which requires the use of an inhaler."  (D.I. 34, ¶ 64).

The Government has produced Defendant's prison medical records.  (D.I. 41, Exh. 1). On October 9, 2019, for "Asthma, unspecified," his prescription of an Albuterol Inhaler was renewed, with instructions of, "Don't use daily.  Inhale 2 puffs by mouth 4 times a day as needed to prevent/relieve asthma attack."  (*Id*. at 67 of 164).  His prescription for a Mometasone Furoate Inhaler was also renewed, with instructions of, "Activate and inhale 1 puff each day."  (*Id*. at 69). On February 21, 2020, during a clinical encounter, the medical records state, "Mild Persistent Asthma – Currently stable."  (*Id*.  at 14; *see also id*. at 41 (same on Oct. 18, 2019)).  As an assessment, the records state, "Asthma, unspecified, 493.90 – Current."  (*Id*. at 17).  On March 24, 2020, he received a new medication order for prednisone for five days for "Asthma, unspecified."  (*Id*. at 11).  This prescription was in response to "Asthma exacerbated by URI; continue with allergy med otc as directed; use asthma action plan as instructed; maintain adequate hydration."  (*Id*. at 12).

I do not see any mention of bronchitis in the medical records.  Defendant did not point out any such reference, and, where the records summarize every condition known to the prison, bronchitis does not appear.  (*Id.* at 103-06).  The pre-diabetes appears to refer to a hemoglobin A1C reading that is on the borderline between the normal range and the increased risk range. (*Id*. at 128).  Defendant's "pre-diabetes" is not diabetes.

The CDC website is subject to change.  As of the end of July 2020, in regard to age, it states, "Among adults, the risk for severe illness from COVID-19 increases with age, with older adults at highest risk."  The focus seems to be (as it has been) on adults 65 and older.  I do not

5

think Defendant's age (just turned 50), either singly or in combination with the asthma, is at all significant in considering his motion. Since July 17, 2020, the CDC website has listed various conditions that "are at increased risk of severe illness from COVID-19." Asthma is not on that list. The website also lists various conditions that "*might be* at an increased risk for severe illness from COVID-19" (my emphasis). One of the conditions on that list is "Asthma (moderate-to-severe)." The link takes me to a page that states, "Having moderate-to-severe asthma may increase your risk for severe illness from COVID-19."

As the Government notes, the burden is on the inmate to show that I should grant compassionate release. Defendant has not shown that the BOP's description of his asthma as "mild persistent" is a mischaracterization of its severity.

Defendant's medical records (and his own statement at the time of sentencing) do not show him to have "moderate to severe asthma." Further, even if his asthma were to be characterized as "moderate," the CDC website does not offer any substantial support for the proposition that he is at any substantially greater risk for complications from COVID-19 than a completely healthy individual in prison. Thus, in my opinion, he does not have such health issues as to demonstrate "extraordinary and compelling circumstances," even when combined with the on-going COVID-19 pandemic, and thus, he does not qualify for compassionate release. I therefore need not consider the third and fourth steps in the analysis.

Thus, I **DENY** Defendant's motion (D.I. 36) without prejudice.

IT IS SO ORDERED this 28th day of July 2020.

    /s/ Richard G. Andrews_____
    United States District Judge